Nat H. Hentel, J.
Issue was joined in this matter on June 21, 1967, and noticed for trial on February 21, 1972. The matter appeared on the trial calendar for the first time on March 8, 1972; was adjourned to March 9, 1972, March 30, 1972 and April 3, 1972. In fact, the court called defendants’ attorney on March 27, 1972, to advise that the court was putting the maum over to April 3, 1972. On April 3, 1972, the matter was further adjourned until April 26, 1972, to allow plaintiff to recuperate from pneumonia, and was marked ‘ Peremptorily both sides. ”
On April 26, 1972, the defendant did not appear and, after inquest ordered hy the court, judgment was directed for the plaintiff for a total of $2,850 on two causes of action. Defendants’ motion to vacate default judgment was granted by me in the interest of justice on June 30, 1972, after the defendants’ attorneys revealed in their supporting affidavit that “ defendants’ failure to appear on April 26, 1972 was entered on our office calendar for May 26,1972 by error of our Calendar Clerk.”
The matter was restored to my trial calendar of June 30,1972; and then subsequently adjourned to September 6, 1972 and September 14, 1972, and then was marked by me “ Peremptorily against plaintiff ” for trial on September 27,1972, because plaintiff’s attorney was engaged in trial in Queens Supreme Court on September 14, 1972. At 10:47 a.m., on September 27, 1972, the defendant failed to appear and I ordered the prior inquest judgment of April 26, 1972, reinstated on the second default of defendant.
Now comes this motion by defendants’ attorneys to reargue my order of reinstatement of the default judgment. One of the defendants ’ attorneys in support of the instant motion to reargue swears in his affidavit ‘ ‘ that your affiant believes he heard the adjourned date [on September 14, 1972] to be October 27, 1972, instead of September 27, 1972, and therefore entered the adjourned date in the office diary to be October 27,1972.”
It is an attorney’s duty and responsibility to know the status of his client’s litigation at all times especially where there has been a prior default judgment awarded against his client. The coincidence, within a five-month period, of errors in recording *28 adjourned peremptory trial dates, is a bit too much for this court to swallow. A line is accordingly being drawn with respect to the further prolongation of this litigation.
It is well established that a defendant may only be relieved of a default upon a showing of a reasonable excuse therefor. Here the excuse is office or clerical error or law office inadvertence. Courts have repeatedly held that such excuses are not legally sufficient to excuse the default. (See Lounello v. Suttor, 39 A D 2d 785; Klapholtz v. Lang Surgical Appliance Co. N. Y. L. J., Dec. 1, 1971, p. 19, col. 3 [Sup. Ct., Queens County].)
Motion to reargue denied.